# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RODNEY DAVIS,<br><br>                Plaintiff,<br><br>v.<br><br>ROBINSON, *et al.*,<br><br>                Defendants. | 3:15-cv-00607-MMD-VPC<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion for summary judgment (ECF No. 35), plaintiff's cross-motion for summary judgment and opposition to defendants' motion for summary judgment (ECF No. 37), and defendants' reply (ECF No. 40). Having thoroughly reviewed the record and papers, the court hereby recommends that the defendants' motion for summary judgment be denied and that the plaintiff's cross-motion for summary judgment be denied.

## I.     PROCEDURAL HISTORY

Rodney Davis ("plaintiff") is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). Pursuant to 42 U.S.C. § 1983 and proceeding *pro se*, plaintiff brings a civil rights action for events that occurred while he was in custody at Warm Springs Correctional Center ("WSCC").

According to the complaint, the events giving rise to plaintiff's claims are as follows. Plaintiff has a "severe pre-existing medical condition" – a shoulder injury. (ECF No. 13 at 4.) On June 14, 2014, Correctional Officer William Holbert ("Holbert") and Correctional Officer Tim Robinson ("Robinson") ordered plaintiff and his cell mate out of their cell to conduct a cell search. (*Id.* at 5.) During the cell search, Plaintiff "inveighed [against] his personal property being thrown

to the floor." (*Id.*) In response, Robinson ordered plaintiff to face the wall to be handcuffed. (*Id.*) Plaintiff "vehemently begged and pleaded" with Robinson to place the handcuffs in front of plaintiff's body to accommodate plaintiff's shoulder injury. (*Id.*) Plaintiff claims that he alerted Robinson to a medical order hanging on his cell wall that required plaintiff to be cuffed only in the front of his body. (*Id.*) Robinson disregarded the medical order and handcuffed plaintiff behind his back, which caused plaintiff "excruciating, torturous pain." (*Id.*) Additionally, plaintiff alleges that Robinson and Holbert pushed and pulled plaintiff when they escorted him from his cell to the administration building, which further aggravated plaintiff's shoulder. (*Id.* at 6.) Upon arriving at the administration offices, plaintiff told Sergeant Hardy ("Hardy") that he was in severe pain and that he had medical orders for the handcuffs to be placed in front of his body. (*Id.* at 7.) However, Hardy placed plaintiff in a small visiting cubicle where he had to wait for over an hour with his handcuffs behind his back. (*Id.*)

On December 12, 2014, the District Court screened plaintiff's First Amended Complaint and permitted one count of Eighth Amendment excessive force to proceed against Robinson, Holbert, and Hardy. (ECF No. 15 at 5.) On December 13, 2016, the parties participated in a mediation session as part of the District of Nevada's early inmate mediation program, but did not settle. (ECF No. 19.) On June 28, 2017, defendants moved for summary judgment (ECF No. 35) and plaintiff filed a cross-motion for summary judgment (ECF No. 37). This recommended disposition follows.

## II. LEGAL STANDARD

Summary judgment allows the court to avoid unnecessary trials. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court properly grants summary judgment when the record demonstrates that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be

counted." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Id.* Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996). At this stage, the court's role is to verify that reasonable minds could differ when interpreting the record; the court does not weigh the evidence or determine its truth. *Schmidt v. Contra Costa Cnty.*, 693 F.3d 1122, 1132 (9th Cir. 2012); *Nw. Motorcycle Ass'n*, 18 F.3d at 1472.

Summary judgment proceeds in burden-shifting steps. A moving party who does not bear the burden of proof at trial "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element" to support its case. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Ultimately, the moving party must demonstrate, on the basis of authenticated evidence, that the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party as to disputed material facts. *Celotex*, 477 U.S. at 323; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

Where the moving party meets its burden, the burden shifts to the nonmoving party to "designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted). "This burden is not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence. . . . In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* (citations omitted). The nonmoving party may defeat the summary judgment motion only by setting forth specific facts that illustrate a genuine dispute requiring a factfinder's resolution. *Liberty Lobby*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324. Although the nonmoving party need not produce authenticated evidence,

Fed. R. Civ. P. 56(c), mere assertions, pleading allegations, and "metaphysical doubt as to the material facts" will not defeat a properly-supported and meritorious summary judgment motion, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

For purposes of opposing summary judgment, the contentions offered by a *pro se* litigant in motions and pleadings are admissible to the extent that the contents are based on personal knowledge and set forth facts that would be admissible into evidence and the litigant attested under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

### III. DISCUSSION

#### A. Civil Rights Claims Under § 1983

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and therefore "serves as the procedural device for enforcing substantive provisions of the Constitution and federal statutes," *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under § 1983 require a plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official acting under the color of state law. *Warner*, 451 F.3d at 1067. Further, to prevail on a § 1983 claim, the plaintiff must establish each of the elements required to prove an infringement of the underlying constitutional or statutory right.

#### B. Eighth Amendment Excessive Use of Force Claim

The Eighth Amendment's proscription on cruel and unusual punishment forbids prison officials from inflicting "the unnecessary and wanton infliction of pain . . . ." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Encompassed within the Eighth Amendment is a bar on the use of excessive force against prisoners. *See Hudson v. McMillian*, 503 U.S. 1, 7-10 (1992). Courts in the Ninth Circuit apply a five-part balancing test to excessive force claims: (1) the extent of the

inmate's injuries; (2) the need for application of force; (3) the relationship between the need and amount of force; (4) the threat reasonably perceived by prison officials; and (5) any efforts that officials utilized to "'temper the severity of a forceful response.'" *Id.* at 7 (quoting *Whitley*, 475 U.S. at 321); *see also Wilkins v. Gaddy*, 559 U.S. 34, 36-38 (2010); *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003).

The inmate must demonstrate that officials acted maliciously and sadistically to prevail. "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. As the Ninth Circuit has explained,

> [t]he "malicious and sadistic" standard arose out of "the need to maintain or restore discipline" inside the prison. When a prison disturbance occurs, prison officials must make "decisions 'in haste, under pressure, and frequently without the luxury of a second chance.'" In these situations, prison officials are "accorded wide-ranging deference" and therefore, prisoners alleging excessive force must show that the force was applied "maliciously and sadistically to cause harm."

*Wood v. Beauclair*, 692 F.3d 1041, 1049-50 (9th Cir. 2012) (quoting *Hudson*, 503 U.S. at 6 and *Whitley*, 475 U.S. at 320). Thus, the court must be careful when reviewing the factors to verify indicia of "such wantonness with respect to the unjustified infliction of harm as [is] tantamount to a knowing willingness that it occur." *Hudson*, 503 U.S. at 9. Moreover, there is no need for a showing of serious injury caused by the force, but the lack of such injury is relevant to the inquiry. *See id.* at 7-9; *Martinez*, 323 F.3d at 1184; *Schwenk v. Hartford*, 204 F.3d 1187, 1196 (9th Cir. 2000).

Excessive force cases "nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom," and for this reason, the Ninth Circuit has "held on many occasions that summary judgment or judgment as a matter of law in excessive force cases should be granted sparingly." *Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002); *see also Lolli v. Cnty. of Orange*, 351 F.3d 410, 415–16 (9th Cir. 2003); *Liston v. Cnty. of Riverside*, 120 F.3d 965, 976 n. 10 (9th Cir. 1997) (citing cases).

### 1. Defendant's Motion for Summary Judgment

Defendants argue that excessive force was not used against plaintiff. (ECF No. 35.) Defendants provide sworn declarations of each of the officers involved in the incident. (ECF Nos. 35-1, 35-2, 35-3, 35-4.) Defendants also include the Administrative Regulations regarding the use of force, the record of disciplinary charges the defendants filed against plaintiff, plaintiff's grievance history, and the investigation detail report. (ECF Nos. 35-5, 35-6, 35-7, 35-8, 35-9, 35-10.)

First, defendants assert that Robinson and Holbert restrained plaintiff because he became verbally abusive and disrespectful during the search of his cell. (ECF No. 35 at 2.) Robinson was unaware of the medical orders mandating cuffing plaintiff in front of his body. (*Id.*) Robinson "used two pair of handcuffs to restrain plaintiff" to accommodate plaintiff's shoulder pain, instead of the customary use of one pair of handcuffs. (*Id.* at 7.) Defendants contend that the use of two pair of handcuffs was "more comfortable than if plaintiff's arms were restrained with one set of handcuffs in front of his body" and, therefore, "cannot possibly constitute excessive force." (*Id.* at 6.) Further, defendants argue that the "pushing and pulling" of which plaintiff complains was an appropriate "response to plaintiff's attempts to escape from the officer's control and his attempt to strike Officer Robinson's face." (*Id.* at 7.) Finally, defendants contend that because Robinson's use of two linked handcuffs does not constitute excessive force, plaintiff is precluded from claiming that Hardy used excessive force by requiring plaintiff to remain handcuffed. (*Id.* at 8.)

Additionally, defendants argue that summary judgment is warranted because none of the facts alleged in plaintiff's complaint establish the subjective element of plaintiff's Eight Amendment excessive force claim: that defendants acted maliciously and sadistically with the intent to harm plaintiff. (*Id.* at 5.) Specifically, Robinson's use of two interlinked handcuffs demonstrates that the officers attempted to avoid harming plaintiff. (*Id.* at 6.) The prison's custom is to handcuff prisoners behind the back with one set of handcuffs. (*Id.*) In contrast, Robinson's use of two interlinked handcuffs provided plaintiff with a greater range of motion to alleviate any discomfort he might have in his shoulder. (*Id.* at 8-9.) Had the officers been acting maliciously

and sadistically for the purpose of causing harm, they would not have used two pairs of handcuffs. (*Id.*)

Plaintiff offers his affidavit and sworn declaration of three inmates that were present at the time of the incident as evidence in support of his version of the events. (ECF No. 37 at 1-26.) Plaintiff alleges that he was not "verbally abusive and disrespectful" during the cell search. Rather, plaintiff contends that he was perfectly compliant with the orders of Robinson and Holbert, and that Robinson was "belligerent;" after plaintiff objected to his personal property being thrown on the floor, Robinson told plaintiff to "shut the fuck up," and ordered plaintiff to face the wall to be handcuffed. (*See* ECF No. 37 at 4, 19.)

Plaintiff further contends that Robinson was aware of the medical order precluding plaintiff from being handcuffed with his arms behind his back. Plaintiff argues that he told Robinson and Holbert about his medical order, directed Robinson to a copy of the medical order taped to his cell wall, and alleges that Robinson called medical to confirm the medical order. (*Id.* at 5.) Plaintiff also alleges that Robinson searched plaintiff's cell two weeks earlier and learned about plaintiff's shoulder injury and the medical order. (*Id.* at 5, 12.) Robinson ignored this notice and "proceeded to handcuff plaintiff ... by twisting his arms up behind his back while plaintiff begged him to stop because he was hurting plaintiff." (*Id.* at 5.)

Next, plaintiff alleges that he offered no resistance while being transported to the administration building, but that Robinson and Holbert repeatedly wrenched plaintiff's arm. (ECF No. 14 at 5.) He also claims that Robinson "executed a wristlock on plaintiff and slammed his face against a fence" knowing that it would cause plaintiff pain, even though plaintiff had obeyed all of the officer's orders. (ECF No. 37 at 3, 12.) Plaintiff was eventually taken to the infirmary to be evaluated by a nurse, who determined that plaintiff's shoulder injury and hernia had been aggravated and strained. (*Id.* at 6.)

Finally, plaintiff contends Robinson's use of two sets of handcuffs to temper the severity of restraining plaintiff does not preclude a finding of excessive force because Robinson did not make a "good faith effort to maintain or restore discipline." (*Id.* at 11.) Rather, he claims that his

7

assertions and the sworn declarations of the inmates establish that Robinson handcuffed plaintiff behind his back to "maliciously and sadistically cause harm," despite indications that plaintiff was in pain and had a medical order to the forbidding this manner of restraining plaintiff. (*Id.*) Plaintiff contends that Hardy is also liable for excessive force because he did not intervene to correct Robinson's unconstitutional handcuffing of plaintiff, despite plaintiff notifying Hardy of the pain he was in and of his medical orders. (*Id.* at 12).

Viewing the evidence in the light most favorable to plaintiff, the court cannot say as a matter of law that the force used was not excessive. Plaintiff's and defendants' version of the events in question clearly differ, and both sides provide evidence in the form of supporting sworn declarations. Defendants characterize the use of two handcuffs as accommodating to plaintiff's shoulder injury and less painful than handcuffing plaintiff in front of his body. (ECF No. 35 at 6.) Plaintiff counters that the handcuffs placed plaintiff's arms in a painful position that did little to "'temper the severity of a forceful response." (ECF No. 37 at 11; *Hudson*, 503 U.S. at 7.) Moreover, defendants claim that they were unaware of plaintiff's medical orders, (ECF No. 35 at 6.), while plaintiff asserts multiple instances where he provided notice of his medical need to be handcuffed in front of his body. (ECF No. 37 at 5.) Whether the defendants knowingly disregarded medical orders to cuff plaintiff in front of his body is an issue of fact that bears upon whether the defendants applied force to "maliciously and sadistically cause harm," or merely to "maintain or restore discipline inside the prison. *Wood v. Beauclair*, 692 F.3d 1041, 1049-50 (9th Cir. 2012). Because a reasonable jury could conclude that defendants used an excessive amount of force, the court recommends that defendants' motion for summary judgment as to plaintiff's excessive force claim be denied. *See Celotex*, 477 U.S. at 323.

### 2. Plaintiff's Cross-Motion for Summary Judgment

Similarly, viewing the evidence in the light most favorable to defendant, the court cannot say as a matter of law that the defendants' use of force was excessive. Plaintiff's cross-motion for summary judgment is based upon a list of "facts that are not in dispute," (ECF No. 37 at 4.), which defendants dispute in their reply. (*See* ECF No. 40 at 1.) Defendants dispute that plaintiff was

compliant, and instead claim that there was a "need for application of force," *Hudson*, 503 U.S. at 7, because plaintiff was disrespectful, resistive, and was "creat[ing] a disturbance on the tier." (ECF 40 at 3.) Furthermore, defendants deny having any knowledge of plaintiff's medical orders. *See Whitley*, 475 U.S. at 319 (Eighth Amendment forbids "the unnecessary and *wanton* infliction of pain") (emphasis added). Finally, defendants claim that they "temper[ed] the severity" of their force, *Hudson*, 503 U.S. at 7, because the use of two handcuffs is the "functional equivalent" of handcuffing plaintiff to the front of his body. (ECF No. 40 at 3.) Defendants contentions are supported by the sworn declaration of the officers present, the investigative reports, and the disciplinary charges filed against plaintiff immediately after the incident. (ECF Nos. 35-6, 35-7, 35-9.) Upon this evidence, a reasonable jury could conclude that defendants did not use an excessive amount of force. Accordingly, the court recommends that defendants' motion for summary judgment as to plaintiff's excessive force claim be denied. *See Celotex*, 477 U.S. at 323

## IV. CONCLUSION

Based upon the foregoing, the court concludes that defendants have failed to demonstrate that there are no genuine issues of material fact for trial; thus, the court recommends that defendants' motion for summary judgment be denied. Additionally, the court recommends that plaintiff's cross-motion for summary judgment be denied because plaintiff has failed to demonstrate that there are no issues of material fact for trial. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## VII. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion for summary judgment (ECF No. 35) be **DENIED** in its entirety.

**IT IS FURTHER RECOMMENDED** that plaintiff's cross-motion for summary judgment (ECF No. 37) be **DENIED** in its entirety.

DATED: November 7, 2017

UNITED STATES MAGISTRATE JUDGE