UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RODNEY E. DAVIS,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br>ROBINSON, *et al.*,<br>　　　　　　　　　Defendants. | Case No. 3:15-cv-00607-MMD-CLB<br><br>ORDER |

This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by a former state prisoner. (*See, e.g.*, ECF Nos. 11, 52 (explaining Plaintiff has been released on parole).) On October 25, 2019, this Court issued an order directing Plaintiff to show cause why the Court should not dismiss this case for failure to comply with the Court's order to submit a joint proposed pretrial order despite multiple extensions granted to allow the parties the full opportunity to file that order (ECF Nos. 80, 82 ). (ECF No. 84.) Plaintiff was given 14 days to show cause. (*Id.*) Those 14 days have long expired, and Plaintiff has not compiled with the Court's order. The Court will therefore dismiss this case without prejudice.

　　　District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule

requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to show cause expressly stated: "Failure to respond will result in dismissal of this action." (ECF No. 84.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to show cause within 14 days.

///
///
///
///

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to comply with the Court's October 25, 2019 order (ECF No. 84).

It is further ordered that Defendants' motion to stay (ECF No. 87) is denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 20th day of December 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE